**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

InVue Security Products Inc.,

    Plaintiff,

    v.

Vanguard Products Group, Inc., d/b/a
Vanguard Protex Global,

    Defendant.

# **EXHIBIT 4**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**INVUE SECURITY PRODUCTS, INC.,**

      **Plaintiff,**

CASE NO.: 8:18-cv-02548-VMC-SPF

v.

**VANGUARD PRODUCTS GROUP, INC.
d/b/a VANGUARD PROTEX GLOBAL,**

      **Defendant.**
_____/

**DEFENDANT, VANGUARD PRODUCTS GROUP, INC.'S ANSWERS
TO FIRST SET OF INTERROGATORIES OF
PLAINTIFF INVUE SECURITY PRODUCTS, INC.**

Pursuant to Rules 26 and 33, Federal Rules of Civil Procedure, Defendant, Vanguard Products Group, Inc. ("Vanguard"), answers and objects as follows to the First Set of Interrogatories propounded by Plaintiff, InVue Security Products, Inc. ("InVue").

**GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

    A.    Vanguard objects to the definition of "Defendant" or "Vanguard" in paragraph 3 of the "Definitions" section to the extent that using such a definition causes any of the Interrogatories to seek information protected against disclosure by the attorney-client privilege and/or work product doctrine. Vanguard will not interpret the terms "Defendant" or "Vanguard" as encompassing information covered by the attorney-client privilege and/or work product doctrine and respond to each Interrogatory that uses those terms accordingly.

    B.    Vanguard objects to the definition of the terms "All", "any", or "each" in paragraph 6 of the "Definitions" section on the grounds it is vague and confusing. Vanguard will interpret the terms "all", "any" and "each" in accordance with their respective definitions as

1

reported at www.dictionary.com and respond to each Interrogatory that uses those terms accordingly.

  C. Vanguard objects to the definition of "Relate," "related," or "relating to," in paragraph 7 of the "Definitions" section to the extent it imposes definitions beyond their natural meaning on the grounds they are overly broad, not proportional to the needs of the case, unduly burdensome, vague, ambiguous, and confusing. Vanguard will interpret the terms "relate", "related" and "relating" in accordance with their natural meaning as requested in paragraph 7 and respond to each Interrogatory that uses those terms accordingly.

<b>RESPONSES TO INVUE'S FIRST INTERROGATORIES</b>

**Interrogatory No. 1**

If Defendant contends or asserts that the Accused Products or any portion thereof or method performed thereby, do not infringe any of the claims of the patents-in-suit identified by Plaintiff in its pleadings or infringement contentions, either directly or indirectly, either literally or under the doctrine of equivalents, describe in detail all factual and legal bases for such contentions or assertions, and identify all evidence supporting any such contentions or assertions. Defendant's answer should specifically identify each claim limitation of the patents-in-suit that Defendant contends are not found in the Accused Products or the operation thereof and provide a detailed explanation as to why the Accused Products do not infringe that claim limitation.

**Response:**

Vanguard's current commercial Accused Products do not infringe any of the patents-in-suit because each of the patents-in-suit are invalid under 35 U.S.C. §102 and/or §103. In addition, after Plaintiff filed this lawsuit alleging infringement of the patents-in-suit, Vanguard has developed acceptable alternative designs which do not infringe any of the patents-in-suit.

**Interrogatory No. 2**

For each claim of each patent-in-suit that Defendant contends is invalid for any reason, explain the full factual and legal basis for that contention, including but not limited to identifying: (1) the statutory basis for the contention, (2) the prior art or combination of prior art that Defendant contends invalidates the claim, (3) where each limitation of the claim is purportedly found in the identified prior art, (4) where multiple prior art references are combined, the reasons that one of ordinary skill in the art would combine them, and (5) all legal and factual bases that the claim is not otherwise valid in view of objective indicia of non-obviousness, including but not limited to commercial success, a long-felt but unsolved need in the merchandise security market, failure of others to solve the problems addressed by the claim, industry praise of products practicing the claim, and/or skepticism of the claimed invention.

**Response:**

Objection. This interrogatory is premature. Pursuant to the Court's Scheduling Order dated December 17, 2018, Vanguard's invalidity contentions are to be submitted on March 11, 2019 and will set forth the factual and legal basis for each claim of each patent-in-suit that Vanguard contends is invalid.

**Interrogatory No. 3**

State the date that Defendant first learned of the existence of each of the patents-in-suit and identify the representative of Defendant (by name, location or address, and position of employment, if any) that first learned of the existence of the patents-in-suit.

**Response:**

On November 21, 2017, InVue notified Vanguard's President, Chris Kelsch, of the patents-in-suit. Thereafter, the parties began discussing the validity of the patents, alternative

3

designs, and business issues. Vanguard continued further development of alternative designs when InVue filed this lawsuit.

**Interrogatory No. 4**

Please describe any measures taken by Defendant or on behalf of Defendant after the date identified in your answer to the prior Interrogatory to avoid infringing the patents-in-suit or measures that Defendant intends to take to avoid infringing the patents-in-suit.

**Response:**

Vanguard's current commercial Accused Products do not infringe any of the patents-in-suit because each of the patents-in-suit is invalid under 35 U.S.C. §102 and/or §103. After Plaintiff filed this lawsuit alleging infringement of the patents-in-suit, Vanguard has developed acceptable alternative designs which do not infringe any of the patents-in-suit.

**Interrogatory No. 5**

Identify any and all persons, currently or formerly employed by Defendant, that have knowledge of the design, development, structure, operation, manufacturing, importation, advertising, and/or sale of the Accused Products in the United States. For each such person, Defendant's answer should include the name, address, job title, current employer (if any), current or past relationship with Defendant and describe in detail the person's role, responsibility and/or involvement in or with the design, development, structure, operation, manufacturing, importation, advertising, and/or sale of the Accused Products.

**Response:**

<u>Design and Development</u>

Chris Kelsch: President

Jack Figh: Director of Product Development

Claude Chazotte: Senior Electrical Engineer

4

    Mike Mitchell: PCB Design Technician

    Wade Zhu: Mechanical Engineer

    Matthew Kuntz: Mechanical Engineer

    Joel Jenkins: Mechanical Engineer

    Luke Swartwood: Director of Engineering (Left VPG in 04/18)

    Steve Wood: VP of Sales and Marketing (Left VPG in 10/18)

<u>Sales and Marketing</u>

    Chris Kelsch: President

    Steve Wood: VP of Sales and Marketing (No longer with VPG. Left Company in 10/18)

    Luke Swartwood: Director of Engineering (No longer with VPG. Left Company in 04/18)

    Jack Figh: Director of Product Development

    Dan Lasley: National Account Manager

    Rob Ekle: National Account Manager and promoted to VP of Sales and Marketing in 10/18

    Bill Cunha: National Account Manager (Left VPG in 08/18)

    John De Los Santos: National Account Manager (06/16-08/18)

    Sean Reay: National Account Manager (09/18-current)

    Paul Williams: Account Services Manager

    Nicole Lytwyn: Marketing Manager (04/16-01/18)

    Devon King: Marketing Manager (03/18-06/18)

    Sarah Bakan: Marketing Manager (09/18-10/18)

<u>Accounting and Finance</u>

    Rodney Surratt: CFO (Left VPG in 05/17)

Jason Depp: Controller (June 2017 - June 2018)

Gordon Haughton: Controller June 2018 to Present and Accounting Manager Fall 2015 until promoted to Controller in 2018

Bill Gargiulo: Senior Staff Accountant/Special Projects (03/15-08/17)

**Interrogatory No. 6**

For each of the Accused Products made, used, offered for sale, or sold in the United States, or imported into the United States from August 29, 2017 to the present state:

a) the sales price for each Accused Product from August 29, 2017 to the present (identifying whether the sales price stated is a retail price, wholesale price, or some other pricing scheme or rate);

b) the total number of each Accused Product sold from August 29, 2017 to the present (separately itemized by product name and volume sold for each calendar year in the referenced time period);

c) the profit margin realized by Defendant for each sale of an Accused Product from August 29, 2017 to the present (separately itemized by product name and profit margin for each calendar year in the referenced time period);

d) the total sales revenue (i.e., gross revenue) for each Accused Product by year, from August 29, 2017 to the present (separately itemized by product name and revenue for each calendar year in the referenced time period); and

e) the total profit (gross and net) made, by year, for each Accused Product from August 29, 2017 to the present.

**Response:**

In accordance with Rule 33(d), Federal Rules of Civil Procedure, Defendant will produce documents setting forth the requested information after the Court has entered a Protective Order.

6

As to objections:

*/s/ Richard E. Fee*
Richard E. Fee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 1, 2019, I served a true and accurate copy of the foregoing via e-mail to the following: **James M. Matulis, Esq.**, 9806 Gretna Green Dr., Suite 100, Tampa, FL 33626 (jim@matulislaw.com) and **Tim F. Williams, Esq.**, Dority & Manning, P.A., P.O. Box 1449, Greenville, SC 29602-1449 (timw@dority-manning.com), counsel for Plaintiff.

*/s/ Richard E. Fee*
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
rfee@feejeffries.com
kwade@feejeffries.com
aperez@feejeffries.com

and

Lee Grossman
(*Admitted Pro Hac Vice*)
Grossman Law Offices
225 W. Washington St., Suite 2200
Chicago, IL 60606
Phone: (312) 621-9000
lgrossman@grossmanlegal.com

*Counsel Defendant, Vanguard Products Group, Inc. d/b/a Vanguard Protex Global*

7

Vanguard Products Group, Inc.
d/b/a Vanguard Protex Global,

By: _Chris Kelsch_

Its: _President_

STATE OF _Florida_

COUNTY OF _Pinellas_

Sworn to and subscribed before me on February _4_, 2019, by _Christopher Kelsch_, the _President_ of Vanguard Products Group, Inc. d/b/a Vanguard Protex Global, who is personally known to me or has produced _____ as identification.

Name: _Carla Koah_
Notary Public
Serial No. _____

My Commission Expires:

CARLA KOAH
MY COMMISSION # FF 927396
EXPIRES: November 29, 2019
Bonded Thru Notary Public Underwriters

8