**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| InVue Security Products Inc., | |
|     Plaintiff, | |
|     v. | **EXHIBIT 5** |
| Vanguard Products Group, Inc., d/b/a Vanguard Protex Global, | |
|     Defendant. | |



Tim F. Williams
timw@dority-manning.com

February 13, 2019

**VIA ELECTRONIC MAIL**

Richard E. Fee
Fee & Jeffries, P.A.
1227 N. Franklin Street
Tampa, Florida 33602

Lee Grossman <lgrossman@grossmanlegal.com>

  Re: InVue Security Products, Inc. v. Vanguard Products Group, Inc., 8:18-cv-02548

Dear Rick and Lee:

  We are in the process of reviewing Vanguard's responses of February 1, 2019 to InVue's discovery requests and have identified several issues that have motivated this communication.

  First, in response to InVue's Interrogatory No. 1 seeking the factual and legal bases for Vanguard's affirmative defense of non-infringement, Vanguard relies solely on the purported invalidity of the patents-in-suit and its claim that it has developed a design-around for one or more of the patents-in-suit.  The response is devoid of any factual contention (or support) that any of the accused products lack any limitation of any of the asserted claims.  InVue understands this response to mean that Vanguard does not contest that the accused products satisfy each and every limitation of the asserted claims, as set forth in InVue's January 10, 2019 Disclosure of Asserted Claim and Infringement Contentions.

  Please confirm that this understanding is accurate and that Vanguard does not intend to challenge InVue's allegations of infringement on the basis that the accused products satisfy all of the limitations of the asserted claims.  Otherwise, we request that Vanguard supplement its response to Interrogatory No. 1 to identify any limitation that it contends is not satisfied by the accused products and to provide an explanation of why the limitation is not satisfied.

  Second, we understand that Vanguard believes it has developed alternative, design-around products that do not infringe the patents-in-suit.  Vanguard fails to provide any factual bases supporting its contention that its proposed design-around product(s) do not infringe, and InVue has not seen or examined any such proposed design-around products.  We understand that, in early March, Vanguard intends to present these proposed design-around products to InVue for consideration.  InVue reserves the right to pursue discovery on the same, including a more complete response to Interrogatory No. 1, in the event the parties disagree.

  Third, addressing Vanguard's responses to InVue's requests for production generally, the bulk of Vanguard's responses indicate that it will produce responsive documents "at a mutually agreeable time after the Court has entered a Protective Order."  The Court's Patent Scheduling

Page 2 of 2

Order discourages stipulated motions for a protective order, instead permitting the parties to reach their own agreement on the designation of confidential materials. D.I. 34 at 4. The parties have already reached such an agreement here, which was executed on the same day that Vanguard's discovery responses were served. Accordingly, we believe this satisfies Vanguard's desire for a "Protective Order" and that documents should not withheld on that basis. Furthermore, we ask that you please provide a date when Vanguard intends to produce documents responsive to InVue's requests.

Finally, based on Vanguard's responses to Requests for Production Nos. 13 and 14, it appears that Vanguard does not intend to produce responsive documents. Those requests are intended to obtain the identities of third parties in the event that third party discovery is required. In lieu of responding to those requests as written, InVue would consider Vanguard's discovery obligations satisfied if it were to produce documents sufficient to identify the distributors of the accused products and the suppliers of material components of the accused products (and the corresponding components supplied). Please let me know if Vanguard would be willing to produce such documentation.

Please review Vanguard's discovery responses based on the information provided herein and provide us with Vanguard's responses to the questions raised by February 27, 2019.

If you would like to discuss any of these matters by phone, please let us know some times that are convenient for you.

Sincerely,

DORITY & MANNING, P.A.

Tim F. Williams

TFW/jvh

Cc: Lee Grossman (lgrossman@grossmanlegal.com)
Kathleen Wade (kwade@feejeffries.com)
Ana Perez (aperez@feejeffries.com)
Jim Matulis (jim@matulislaw.com)