**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

InVue Security Products Inc.,

    Plaintiff,

    v.

Vanguard Products Group, Inc., d/b/a
Vanguard Protex Global,

    Defendant.

# **EXHIBIT 7**



Tim F. Williams
timw@dority-manning.com

March 7, 2019

**VIA ELECTRONIC MAIL**

| | |
|---|---|
| Richard F. Fee | Lee Grossman |
| FEE & JEFFRIES, P.A. | Grossman Law Offices |
| 1227 N. Franklin Street | 225 W. Washington St., Suite 2200 |
| Tampa, Florida 33602 | Chicago, IL 60606 |
| (813) 229-8008 | (312) 621-9000 |
| rfee@feejeffries.com | lgrossman@grossmanlegal.com |

Re: InVue Security Products, Inc. v. Vanguard Products Group, Inc., 8:18-cv-02548

Dear Rick and Lee,

This serves as a follow-up to InVue's letter of February 13, 2019 and our meeting on March 5 at which InVue identified certain deficiencies in Vanguard's discovery responses.

**Interrogatory No. 1**

As discussed during our meeting, InVue again requests that Vanguard provide a complete response to InVue's Interrogatory No. 1, which asks that Vanguard specifically identify any of the asserted claim limitations Vanguard believes are not present in the accused products (including any versions of the accused products).

Vanguard's current answer relies solely on its assertion that the patents-in-suit are invalid, which is not responsive to Interrogatory No. 1. More specifically, Vanguard's response is devoid of any factual contention that any of the accused products lack any limitation of any of the asserted claims. Please either confirm that Vanguard is not contesting infringement or provide the requested information in response to Interrogatory No 1.

Vanguard's email from you on February 27 asserts that Vanguard is excused from answering Interrogatory No. 1 because the Court has not yet conducted claim construction. If this were a proper reason to refuse, both parties could avoid answering nearly all written discovery and avoid providing their respective contentions as required by the Court's Patent Scheduling Order. We believe this position is unreasonable.

Again, by March 13, please either confirm that Vanguard is not contesting infringement or provide the requested information in response to Interrogatory No. 1. Please consider this

March 7, 2019
Page 2 of 3

repeated request as part of InVue's good faith duty to confer before moving for appropriate relief from the Court.  I am available to discuss this again by phone in the interim if you believe such would be helpful.

**Vanguard's Prototype and Purported Design Around**

We appreciate the meeting and discussion on March 5 between the parties for purposes of exploring whether the current litigation could be settled.

As discussed, Vanguard's prototype product - revealed to InVue for the first time on March 5 - does not avoid all of the patents-in-suit or other intellectual property rights identified by InVue.  To be clear, InVue will assert infringement should it learn than Vanguard has engaged in the making, using, selling, offering to sell, or importing of the proposed prototype.   As also discussed, Vanguard disclosed this prototype product only under an agreement of confidentiality with InVue, which included an understanding that Vanguard is not producing or otherwise relying upon this prototype in the current litigation and has not offered this prototype for sale.

As such, even though InVue believes the prototype product would be an infringement, InVue cannot currently allege infringement against it in the current litigation.  Nevertheless, InVue again raises this point now in writing because Vanguard has referred to a purported design-around in its discovery responses while also refusing to actually produce it in the litigation or in response to discovery.

If Vanguard believes the proposed prototype is relevant to any issue in the current litigation between the parties, then Vanguard should formally produce it now in the litigation and supplement its discovery responses by March 13.   At a minimum, this would mean Vanguard should revisit it responses to e.g., InVue's Rule 33 Interrogatory Nos. 1 and 4 and Vanguard's responses to e.g., InVue's Rule 34 Request Nos. 5-11, 15, 18-21, 24-35, 42, 46-48, 51, 52, and 56.  Otherwise, InVue will move to exclude any later reference to this proposed prototype if Vanguard attempts to rely upon it for any purpose.

**InVue's Requests for Production Nos. 13 and 14**

InVue notes Vanguard's repeated refusal to respond to InVue's Rule 34 Requests Nos. 13 and 14.  InVue will revisit Vanguard responses if e.g., Vanguard fails to provide discoverable information on the basis that such lies with a distributor or supplier.

8:18-cv-02548-VMC-SPF

March 7, 2019
Page 3 of 3

**Document Production**

     As suggested in your February 27 email, let's schedule a call to discuss dates for document production including emails.  We are available this Friday, March 8 at 10 AM.  We also have availability next week if you would like to suggest some times convenient for you.

                                             Sincerely,

                                             DORITY & MANNING, P.A.

                                             Tim F. Williams

TFW/jvh

Cc:   Jim Matulis (jim@matulislaw.com)