**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| InVue Security Products Inc., <br><br> Plaintiff, <br><br> v. <br><br> Vanguard Products Group, Inc., d/b/a Vanguard Protex Global, <br><br> Defendant. | **EXHIBIT 12** |

| | |
|---|---|
| **From:** | Lee Grossman <lgrossman@grossmanlegal.com> |
| **Sent:** | Tuesday, March 19, 2019 1:00 PM |
| **To:** | Tim Williams |
| **Cc:** | Richard (Rick) Fee (rfee@feejeffries.com) (rfee@feejeffries.com) |
| **Subject:** | InVue v. Vanguard |

Tim:

This confirms our telephone call today and answers the questions in your letters of March 7 and March 12. Regarding infringement, Vanguard's original design does have all of the limitations of, and thus infringes, the asserted claims of the patents-in-suit. However, this must be placed in proper context as InVue never marked any of its products with "patent pending" or any of the patent numbers of the patents-in-suit. Moreover, InVue, although aware of Vanguard's products, never provided notice of infringement until it filed the complaint in this case in October 2018, and shortly thereafter, Vanguard proceeded to modify its products so as not to infringe any of the patents-in-suit.

Regarding the validity of the patents-in-suit, Vanguard believes all of them to be invalid. However, because of the high cost of expert witnesses and *Inter Partes Review* (*IPR*), Vanguard will only be arguing that the two optical patents are invalid. Vanguard will be filing *IPR*s on these two optical patents, and will be requesting the Court to stay this case until that the conclusion of the *IPRs*. We are confident that the result will be the same as the MTI matter where virtually every asserted claim of the 11 asserted patents have been invalidated.

We request InVue to join in our request to stay the litigation. If so, we can submit a joint request simply stating that *IPRs* will be filed and to request a stay. If not, we will file our own motion alerting the Court that InVue's standard practice is to file scores of trivial patents, keep them alive through continuations and catch competitors as they introduce products to the marketplace and force them to either engage in costly litigation or to file *IPRs* which can cost hundreds of thousands of dollars. This is best shown through InVue's actions in which it asserted 11 patents against MTI -- everyone being recently invalidated in *IPRs* – and then filed this case asserting 8 patents. Unfortunately, Vanguard does not have the resources of InVue or MTI and cannot file 8 *IPR*s. Rather, it has made some modifications to avoid all of the patents. Moreover, Vanguard will file two *IPR*s, and we anticipate the results will be the same as the MTI matter. We hope to avoid presenting this argument to the Court with InVue simply agreeing to request the Court to stay this case.

We will supplement our interrogatories later this week. In addition, we will serve modified document requests to more narrowly address the issues in this case.

Lee