**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

InVue Security Products Inc.,

      Plaintiff,

      v.

Vanguard Products Group, Inc., d/b/a
Vanguard Protex Global,

      Defendant.

# EXHIBIT 13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INVUE SECURITY PRODUCTS, INC.,

       Plaintiff,

                             CASE NO.:  8:18-cv-02548-VMC-SPF

v.

VANGUARD PRODUCTS GROUP, INC.
d/b/a VANGUARD PROTEX GLOBAL,

       Defendant.

_____/

**VANGUARD PRODUCTS GROUP, INC.'S SUPPLEMENTAL
ANSWERS TO INTERROGATORY NOS. 1 AND 2**

Pursuant to Rules 26 and 33, Federal Rules of Civil Procedure, Defendant, Vanguard Products Group, Inc. ("Vanguard"), supplements its answers to InVue Security Products, Inc. ("InVue) Interrogatory Nos. 1 and 2.

**GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

A.      Vanguard objects to the definition of "Defendant" or "Vanguard" in paragraph 3 of the "Definitions" section to the extent that using such a definition causes any of the Interrogatories to seek information protected against disclosure by the attorney-client privilege and/or work product doctrine. Vanguard will not interpret the terms "Defendant" or "Vanguard" as encompassing information covered by the attorney-client privilege and/or work product doctrine and respond to each Interrogatory that uses those terms accordingly.

B.      Vanguard objects to the definition of the terms "All", "any", or "each" in paragraph 6 of the "Definitions" section on the grounds it is vague and confusing. Vanguard will interpret the terms "all", "any" and "each" in accordance with their respective definitions as reported at www.dictionary.com and respond to each Interrogatory that uses those terms accordingly.

1

C.      Vanguard objects to the definition of "Relate," "related," or "relating to," in paragraph 7 of the "Definitions" section to the extent it imposes definitions beyond their natural meaning on the grounds they are overly broad, not proportional to the needs of the case, unduly burdensome, vague, ambiguous, and confusing.  Vanguard will interpret the terms "relate", "related" and "relating" in accordance with their natural meaning as requested in paragraph 7 and respond to each Interrogatory that uses those terms accordingly.

## RESPONSES TO INVUE'S FIRST INTERROGATORIES

### Interrogatory No. 1

If Defendant contends or asserts that the Accused Products or any portion thereof or method performed thereby, do not infringe any of the claims of the patents-in-suit identified by Plaintiff in its pleadings or infringement contentions, either directly or indirectly, either literally or under the doctrine of equivalents, describe in detail all factual and legal bases for such contentions or assertions, and identify all evidence supporting any such contentions or assertions. Defendant's answer should specifically identify each claim limitation of the patents-in-suit that Defendant contends are not found in the Accused Products or the operation thereof and provide a detailed explanation as to why the Accused Products do not infringe that claim limitation.

### Response:

Vanguard's current commercial Accused Products do not infringe any of the patents-in-suit because each of the patents-in-suit are invalid under 35 U.S.C. §102 and/or §103. In addition, after Plaintiff filed this lawsuit alleging infringement of the patents-in-suit, Vanguard has developed acceptable alternative designs which do not infringe any of the patents-in-suit.

### Supplemental Response:

In addition to the Response above, the original version of Vanguard commercial products have each of the limitations of the asserted claims of the patents-in-suit. However, the '253 and

2

'274 patents are invalid and thus cannot be infringed.  Regarding the 6 other patents, Vanguard believes all of them are also invalid, but the cost of making minor and inconsequential design changes is much less than contesting the validity of them.

Version 2 of the Vanguard's commercial products do not have all of the limitations of any of the asserted claims in the patents-in-suit.  Vanguard showed these version 2 products to InVue in a meeting in Charlotte, N.C. on March 5, 2019.

**Interrogatory No. 2**

For each claim of each patent-in-suit that Defendant contends is invalid for any reason, explain the full factual and legal basis for that contention, including but not limited to identifying: (1) the statutory basis for the contention, (2) the prior art or combination of prior art that Defendant contends invalidates the claim, (3) where each limitation of the claim is purportedly found in the identified prior art, (4) where multiple prior art references are combined, the reasons that one of ordinary skill in the art would combine them, and (5) all legal and factual bases that the claim is not otherwise valid in view of objective indicia of non-obviousness, including but not limited to commercial success,  a long-felt but unsolved need in the merchandise security market, failure of others to solve the problems addressed by the claim, industry praise of products practicing the claim, and/or skepticism of the claimed invention.

**Response:**

Objection.  This interrogatory is premature.  Pursuant to the Court's Scheduling Order dated December 17, 2018, Vanguard's invalidity contentions are to be submitted on March 11, 2019 and will set forth the factual and legal basis for each claim of each patent-in-suit that Vanguard contends is invalid.

Design

**Supplemental Response:**

Vanguard served its Invalidity Contentions on March 11, 2019 regarding the '253 and '274

patents.  Regarding the 6 other patents, Vanguard believes all of them are also invalid, but the cost

of making minor and inconsequential design changes to the version 1 design so as to not be covered

by those patents is much less than contesting the validity of them.  Vanguard showed these version

2 products to InVue in a meeting in Charlotte, N.C. on March 5, 2019.  Investigation continues.


*/s/ Richard E. Fee*
Richard E. Fee


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____2019, I served a true and accurate copy of the
foregoing via e-mail to the following:  **James M. Matulis, Esq.**, 9806 Gretna Green Dr., Suite
100, Tampa, FL 33626 (jim@matulislaw.com) and **Tim F. Williams, Esq.**, Dority & Manning,
P.A., P.O. Box 1449, Greenville, SC 29602-1449 (timw@dority-manning.com), counsel for
Plaintiff.


*/s/ Richard E. Fee*
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
rfee@feejeffries.com
kwade@feejeffries.com
aperez@feejeffries.com

and

Lee Grossman
(*Admitted Pro Hac Vice*)
Grossman Law Offices
225 W. Washington St., Suite 2200
Chicago, IL 60606

4

Phone: (312) 621-9000
lgrossman@grossmanlegal.com

*Counsel Defendant, Vanguard Products
Group, Inc. d/b/a Vanguard Protex Global*

Vanguard Products Group, Inc.
d/b/a Vanguard Protex Global,

By: ___Chris Kelsch___

Its: ___President___

STATE OF _Florida_

COUNTY OF _Pinellas_

Sworn to and subscribed before me on March 20 , 2019, by *Christopher Kelsch*, the
___President___ of Vanguard Products Group, Inc. d/b/a Vanguard Protex Global, who
is personally known to me or has produced _____ as
identification.

Name: ___Carla Koah___
Notary Public
Serial No. _____

CARLA KOAH
MY COMMISSION # FF 927396
EXPIRES: November 29, 2019
Bonded Thru Notary Public Underwriters

My Commission Expires

5