**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**INVUE SECURITY PRODUCTS, INC.,**

    **Plaintiff,**

                                   **CASE NO.: 8:18-cv-02548-VMC-SPF**

v.

**VANGUARD PRODUCTS GROUP, INC. d/b/a**
**VANGUARD PROTEX GLOBAL,**

    **Defendant.**

_____/

**DEFENDANT'S MOTION FOR CONTINUANCE OF HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, ALTERNATIVE MOTION TO STAY HEARING, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Local Rule 3.09(a), Defendant Vanguard Products Group, Inc. ("Vanguard"), respectfully requests a continuance of the hearing, presently scheduled for June 24, 2019, at 10:30 a.m., on Plaintiff's Motion for Preliminary Injunction (the "Injunction Motion") [Dkt. #47] to a date after the Court rules on Vanguard's Motion to Stay or, alternatively, to stay that hearing until such a ruling:

1. On the evening of May 24, 2019 (the Friday of Memorial Day weekend), InVue filed its Injunction Motion [Dkt. #47]. The Court referred the Injunction Motion to Magistrate Judge Flynn for a hearing and report and recommendation [Dkt. #48].

2. After Vanguard moved for and was granted a brief continuance of the originally noticed hearing on the Injunction Motion [Dkts. #53, 54], a hearing on that motion was noticed for June 24, 2109, at 10:30 am. [Dkt. #55].

3. On June 17, 2019, Vanguard filed two petitions for *inter partes* review (the "IPRs") with the U.S. Patent Trial and Appeal Board (the "PTAB") regarding the two primary patents at issue (IPR Nos. IPR2019-01206 and IPR2019-01209). Contemporaneous with the filing of this motion, Vanguard is filing its Motion to Stay this case pending the PTAB's resolution of the IPRs.

4. This Court consistently grants motions to stay patent cases such as this when a party has filed an IPR. *See Lightning Science Group Corp. v. Nicor, Inc.*, 2017 WL 3706697 at *3 (M.D. Fla. May 9, 2017); *Patent Asset*, 2016 WL 4431574 at *5; *The Andersons, Inc. v. Enviro Granulation, LLC*, 2014 WL 4049886, *4 (M.D. Fla. Aug. 14, 2014); *Capriola Corp. v LaRose Indus., LLC*, 2013 WL 1868344, *3 (M.D. Fla. March 11, 2013); *see also Alps South, LLC v. Ohio Willow Wood Co.*, 2008 WL 8793609, *1 (M.D. Fla. Dec. 3, 2008)(granting motion to stay before PTAB granted reexamination request); *Waterblasting LLC v. Blasters, Inc.*, Case No. 18:17-cv-2660-T-36MAP, Dkt. #24 (granting motion to stay two weeks after filing, and before institution, of IPR).

5. Continuing the hearing to a date after the Court rules on Vanguard's Motion to Stay or, alternatively, to stay that hearing until such a ruling will promote judicial economy and will not prejudice any party. Given the likelihood that this case will be stayed pending the PTAB's ruling on Vanguard's IPRs, proceeding with the hearing on InVue's Injunction Motion will likely prove a waste of the Court's time and resources.

6. Nor will InVue suffer any prejudice from such a continuance. If Vanguard's Motion to Stay the case is granted, the Injunction Motion will essentially be mooted. If, however, the Court denies Vanguard's Motion to Stay, any delay in having the hearing will be

brief. Given the fact that InVue waited over seven and one-half months after filing suit to file its Injunction Motion, such a brief delay in holding a hearing cannot possibly be prejudicial.

WHEREFORE, Vanguard respectfully requests that this Court grant this motion and continue the hearing on the Injunction Motion, currently set for June 24, 2019, to a date following the Court's ruling on Vanguard's Motion to Stay.

### CERTIFICATE OF GOOD FAITH CONFERENCE

UNDERSIGNED COUNSEL HEREBY CERTIFIES that on June 18, 2019, he conferred with Plaintiff's counsel, Tim F. Williams, before filing the instant motion and Plaintiff's counsel advised that InVue does not consent to the requested enlargement of time and continuance.

*s/ Richard E. Fee*
Richard E. Fee

### MEMORANDUM OF LAW

Pursuant to Local Rule 3.09(a), a continuance for a hearing may be allowed by order of the Court for good cause shown. Courts have broad discretion in considering continuances. *Morris v. Slappy*, 461 U.S. 1, 11 (1983). In granting a continuance, the Court may consider the interests of other parties, such as the Court and opposing parties. *United States v. Ottens*, 74 F.3d 357, 360 (1st Cir. 1996).

Good cause for a continuance exists here. By order dated June 4, 2019, the Court scheduled the Injunction Motion for hearing on June 24, 2019 (Dkt. #55). Since that date, Vanguard has filed IPRs on the two primary patents at issue and has moved to stay the case pending the PTAB's resolution of those IPRs. Continuing this hearing until after the Court rules on Vanguard's Motion to Stay will avoid a potentially large waste of judicial resources

if the Motion to Stay is granted and will, at worst, result in only a brief delay if that motion is denied.

WHEREFORE, Vanguard respectfully requests that this Court grant this motion and continue the hearing on the Injunction Motion, currently set for June 24, 2019.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2019, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: **James M. Matulis, Esq.**, 9806 Gretna Green Dr., Suite 100, Tampa, FL 33626 (jim@matulislaw.com) and **Tim F. Williams, Esq.**, Dority & Manning, P.A., P.O. Box 1449, Greenville, SC 29602-1449 (timw@dority-manning.com), counsel for Plaintiff.

/s/ Richard E. Fee
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
rfee@feejeffries.com
kwade@feejeffries.com
aperez@feejeffries.com

and

Lee Grossman
(*Admitted Pro Hac Vice*)
Grossman Law Offices
225 W. Washington St., Suite 2200
Chicago, IL 60606
Phone: (312) 621-9000
lgrossman@grossmanlegal.com

*Counsel Defendant, Vanguard Products Group, Inc. d/b/a Vanguard Protex Global*

4