UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INVUE SECURITY PRODUCTS INC.,

    Plaintiff,

v.                                  Case No. 8:18-cv-2548-T-33SPF

VANGUARD PRODUCTS GROUP, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Vanguard Products Group, Inc.'s Motion to Stay the Case Pending Resolution of the Inter Partes Review (Doc. # 58), filed on June 18, 2019. Plaintiff InVue Security Products Inc. responded on July 2, 2019. (Doc. # 81). For the reasons that follow, the Motion is denied.

**I.**    **Background**

InVue initiated this action in this Court on October 16, 2018, alleging Vanguard's products infringe eight different patents owned by InVue. (Doc. # 1). Vanguard filed its Answer to the Complaint on November 16, 2018. (Doc. # 21).

Vanguard concedes that six of the eight patents are valid and admits infringement as to those patents. (Doc. # 58 at

1

1). But Vanguard maintains that the other two patents at issue are invalid. (Id.).

For that reason, Vanguard filed two petitions for inter partes review with the U.S. Patent Trial and Appeal Board (PTAB) regarding the two contested patents on June 18, 2019. (Doc. # 58-1). As far as the Court is aware, the PTAB has not yet determined whether it should grant the inter partes review petitions and institute a review of the two contested patents.

Vanguard moves for a stay of the case pending resolution of the inter partes review of the two patents still at issue. (Doc. # 58). InVue has responded (Doc. # 81), and the Motion is ripe for review.

**II. Discussion**

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997)(citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Deciding whether to stay a case "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55. "The party seeking a stay bears the burden of showing that such a course is appropriate." Patent Asset Licensing, LLC v. Bright House

Networks, LLC, No. 3:15-cv-742-J-32MCR, 2016 WL 4431574, at *2 (M.D. Fla. Aug. 22, 2016).

Here, Vanguard bases its request for a stay on the pending inter partes review process. (Doc. # 58). "Under the [Leahy-Smith America Invents Act], [inter partes review] presents 'a new system for reviewing issued patents, providing for stays of district court proceedings, and estoppels in tribunals, based on' expedited decisions of the Patent and Trademark Office." Lighting Sci. Grp. Corp. v. Nicor, Inc., No. 6:16-cv-1087-Orl-37GJK, 2017 WL 3706697, at *2 (M.D. Fla. May 9, 2017)(citation omitted).

"In patent cases, a number of courts have reasoned that such stays should be liberally granted when there is a pending administrative proceeding before the [Patent and Trademark Office]." Automatic Mfg. Sys., Inc. v. Primera Tech., Inc., No. 6:12-cv-1727-Orl-37, 2013 WL 6133763, at *1 (M.D. Fla. Nov. 21, 2013). The Court considers three factors in deciding whether to stay a patent case pending inter partes review, including: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Patent Asset

Licensing, LLC, 2016 WL 4431574, at *2. "Prejudice against the non-movant is probably the most important factor to consider when determining whether a stay is appropriate." Puget BioVentures, LLC v. Med. Device Bus. Servs., Inc., No. 3:17-CV-503-JD-MGG, 2017 WL 6947786, at *2 (N.D. Ind. Sept. 22, 2017).

    **A.**    **Prejudice**

Regarding the first factor, InVue argues that it "will be unduly prejudiced . . . because [a stay] will indefinitely delay discovery, delay an award of damages as to the six Unchallenged Patents for which Vanguard has admitted liability, and delay injunctive relief to InVue in a suit between parties who are direct competitors." (Doc. # 81 at 7-8). Vanguard contends, however, that neither party will be unduly prejudiced by staying the case even if there is a delay caused by the inter partes review. (Doc. # 58 at 14-15). It insists that any concerns about delay are tempered by the speed at which the PTAB is statutorily required to conduct the inter partes review process. (Id.).

This Court has held that "such delay is outweighed by the many advantages of inter partes review." Andersons, Inc. v. Enviro Granulation, LLC, No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886, at *2 (M.D. Fla. Aug. 14, 2014). This Court has also

4

recognized that "delay in litigation, without more, generally does not demonstrate undue prejudice." Id. (quoting Cascades Comput. Innovation, LLC v. SK Hynix, Inc., No. 11-4356, 2012 WL 2086469, at *1 (N.D. Ill. May 25, 2012)). Still, a party may be prejudiced when it has other claims pending that do not depend on the validity of the patent involved in the inter partes review and would nevertheless be put on hold during the stay. Id.; see also Tomco Equip. Co. v. Se. Agri-Sys., Inc., 542 F. Supp. 2d 1303, 1308 (N.D. Ga. 2008).

Here, InVue's claims as to the six uncontested patents do not depend on the validity of the two patents at issue in the inter partes review. Thus, a stay would significantly delay InVue's obtaining relief for Vanguard's admitted liability as to the six uncontested patents.

Additionally, InVue emphasizes that Vanguard is its direct competitor. (Doc. # 81 at 8-9). "When issuing a stay, 'the potential for prejudice to a patent holder increases when the alleged infringer is a direct competitor.' 'However, the litigants' status as a direct competitor does not mandate the denial of a stay.'" Automatic Mfg. Sys., Inc., 2013 WL 6133763, at *3 (citation omitted). If a stay were granted, Vanguard would benefit from the additional time in which it

could sell its admittedly infringing products in direct competition with InVue.

Under the unique circumstances of this case in which Vanguard has admitted liability as to the six patents not at issue in the inter partes review, the Court finds that InVue would be unduly prejudiced by a stay. This factor weighs heavily against granting a stay.

### B. **Simplification of Issues and Procedural Posture**

Regarding the second factor, Vanguard argues that a stay would simplify the issues because "the [inter partes reviews] will resolve the issue of validity of the two main patents in this case." (Doc. # 58 at 17). Therefore, Vanguard reasons that such a resolution would "obviate the need for any fact or expert discovery." (Id.).

"Many courts deny stays when the reexamination will not resolve all the issues in the litigation." Tomco Equip. Co., 542 F. Supp. 2d at 1310. Nonetheless, other courts have held that "the question is merely whether the issues will be simplified, and not whether the entire case will be resolved." Milwaukee Elec. Tool Corp. v. Hilti, Inc., 138 F. Supp. 3d 1032, 1038 (E.D. Wis. 2015); see also Serv. Sols. U.S. L.L.C. v. Autel. US Inc., No. 13-10534, 2015 WL 401009, at *3 (E.D. Mich. Jan. 28, 2015)("[A]n [inter partes] review need not

dispose of a case completely to simplify the issues of a case."); Evolutionary Intelligence, LLC v. Sprint Nextel Corp., No. C-13-4513-RMW, 2014 WL 819277, at *5-6 (N.D. Cal. Feb. 28, 2014)(rejecting the proposition that inter partes review must "eliminate all of the issues in this litigation").

Here, the inter partes review process would certainly simplify the issues surrounding the two contested patents. But it would not simplify the resolution of InVue's claims related to the six uncontested patents. As such, the second factor weighs only slightly in favor of a stay.

And, finally, Vanguard emphasizes that the third factor regarding the case's procedural posture weighs in favor of a stay. (Doc. # 58 at 16). Indeed, discovery is not complete, and a trial date has not yet been set. (Doc. # 34). Therefore, the third factor weighs in favor of a stay.

### III. Conclusion

Upon review of the factors and the unique circumstances of this case, the Court determines that a stay pending inter partes review is inappropriate. Although two factors weigh in favor of a stay, the undue prejudice to InVue that would be caused by a stay outweighs those other factors. See Puget BioVentures, LLC, 2017 WL 6947786, at *2 ("Prejudice against the non-movant is probably the most important factor to

consider when determining whether a stay is appropriate."). Therefore, Vanguard's Motion is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Vanguard Products Group, Inc.'s Motion to Stay the Case Pending Resolution of the Inter Partes Review (Doc. # 58) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of August, 2019.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE