UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INVUE SECURITY PRODUCTS INC.,

    Plaintiff,

v.                      Case No. 8:18-cv-2548-T-33SPF

VANGUARD PRODUCTS GROUP, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff InVue Security Products Inc.'s Motion to Strike Defendant's Final Invalidity Contentions and Enforce the Stipulations and Conditional Agreement by the Parties Regarding Defendant's Motion to Stay (Doc. # 134), filed on April 17, 2020. Defendant Vanguard Products Group, Inc. responded on May 8, 2020. (Doc. # 139). For the reasons that follow, the Motion is granted in part.

**I. Background**

InVue initiated this action in this Court on October 16, 2018, alleging Vanguard's products infringe eight different patents owned by InVue. (Doc. # 1). Vanguard filed its answer to the complaint on November 16, 2018. (Doc. # 21).

1

Vanguard filed two petitions for inter partes review (IPRs) with the U.S. Patent Trial and Appeal Board (PTAB) regarding the two most important patents — the optical patents — on June 18, 2019. (Doc. # 58-1). Vanguard moved for a stay of the case pending resolution of the IPRs of the two patents. (Doc. # 58). On August 22, 2019, the Court denied the motion to stay, finding that "the undue prejudice to InVue that would be caused by a stay" weighed heavily against granting a stay because resolution of InVue's claims regarding the other six patents would be delayed during the IPRs for the two optical patents. (Doc. # 102).

Subsequently, on October 21, 2019, Vanguard filed six additional IPRs with PTAB regarding the other six patents at issue in this case. (Doc. # 121 at 1). Vanguard then moved again for a stay of this case, pending resolution of all eight IPRs. (Doc. # 120).

The parties were able to reach an agreement to stay the case pending the IPRs, which they formalized with a stipulation filed on the docket. (Doc. # 122). Among other things, the parties agreed that "the stay of the Litigation should be immediately lifted in the event either of the IPRs of the Two Optical Patents are not instituted by the [PTAB]."

(Id. at 4). The stipulation also included the following relevant provision:

> With regard to the Two Optical Patents, in the event any of the aforementioned IPRs is not instituted by the [PTAB] or Vanguard is otherwise unsuccessful in the IPRs with invalidating any Asserted Claim of the Two Optical Patents by a final written decision from which no further appeal may be taken, **Vanguard will not challenge the validity of such Asserted Claim in the Litigation based in whole, or in part, or in any way, on any patent, printed publication, or combination thereof.**

(Doc. # 122 at 4)(emphasis added).

Eventually, the PTAB declined institution of IPRs for the two optical patents. Accordingly, the Court lifted the stay (Doc. # 127), and set new deadlines for the case, including a final invalidity contentions deadline of March 13, 2020. (Doc. # 130). Vanguard timely served its final invalidity contentions on March 13, 2020. (Doc. # 133).

Now, InVue seeks to strike Vanguard's final invalidity contentions and "preclude[] Vanguard from challenging the validity of the Optical Patents using the patents and printed publications set forth in its Final Invalidity Contentions." (Doc. # 134 at 3). Vanguard has responded (Doc. # 139), and the Motion is ripe for review.

**II.  Discussion**

InVue argues that the Vanguard's final invalidity contentions should be stricken because they rely at least in part on printed publications and patents. (Doc. # 134 at 6). According to InVue, "the parties expressly conditioned the agreement to stay the case on the premise that Vanguard would be unable to use any patents and/or printed publications in any way in this Litigation, whether in whole in part, if the IPRs against the Optical Patents were unsuccessful." (Id.). Thus, "[b]ecause each of Vanguard's invalidity theories clearly rely on patents and printed publications (the same ones unsuccessfully asserted in the denied Optical IPRs), Vanguard should be estopped from relying on its Final Invalidity Contentions in this litigation." (Id. at 7).

In response, Vanguard argues that striking its final invalidity contentions to the extent they rely on patents or printed publications is an "extreme decision" that is unwarranted because InVue has not been prejudiced. (Doc. # 139 at 5-6).

Furthermore, Vanguard argues that the stipulation does not prevent it from relying in part on patents or other printed publications so long as those printed publications support an argument that could not have been raised in the

4

IPRs. (Id. at 3-5). According to Vanguard, "[t]he Stipulation was intended to prevent Vanguard from raising invalidity arguments before this Court that Vanguard could have raised, but did not raise, in its IPRs." (Id. at 4). And its final invalidity contentions only raise arguments that could not have been brought during the IPRs, because they are based on a physical product — the "G3 Cord Reel System" — and IPRs are limited to only consideration of printed publications and patents. (Id. at 3). Thus, even under the stipulation, Vanguard believes that it should be free to rely on printed publications and patents in combination with the physical product to prove the invalidity of InVue's optical patents. (Id. at 5).

The Court disagrees. There is nothing extreme about holding Vanguard to the agreement it made with InVue — and filed with the Court — regarding how the case would be litigated. And the language of the stipulation is clear. Vanguard agreed not to challenge the validity of the two optical patents "based in whole, or in part, or in any way, on any patent, printed publication, or combination thereof." (Doc. # 122 at 4). Now, it seeks to rely — at least in part — on printed publications and patents to support its final

invalidity contentions. This is impermissible under the stipulation that Vanguard signed.

Furthermore, allowing Vanguard to disregard its agreement under the stipulation does prejudice InVue. InVue agreed to a stay of the case pending Vanguard's IPRs because Vanguard signed the stipulation. If no stipulation had been signed, the Court would have ruled on Vanguard's motion to stay pending the IPRs as an opposed motion.

Thus, it is appropriate to strike Vanguard's final invalidity contentions only to the extent they violate the stipulation. That is, in attempting to establish the invalidity of the optical patents, Vanguard may not rely in any manner "on any patent, printed publication, or combination thereof." (Doc. # 122 at 4). However, Vanguard may continue to rely on other sources, such as its physical product, to support its invalidity arguments.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff InVue Security Products Inc.'s Motion to Strike Defendant's Final Invalidity Contentions and Enforce the Stipulations and Conditional Agreement by the Parties Regarding Defendant's Motion to Stay (Doc. # 134) is **GRANTED in part and DENIED in part.**

(2) Defendant Vanguard Products Group, Inc.'s final invalidity contentions are stricken to the extent they rely on any patent, printed publication, or combination thereof. In challenging the validity of the optical patents going forward, Vanguard may not rely on any patent or printed publication.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of May, 2020.

                                              *Virginia M. Hernandez Covington*
                                              VIRGINIA M. HERNANDEZ COVINGTON
                                              UNITED STATES DISTRICT JUDGE